UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LOREANN HINTON                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO.1:07CV45-JAD

UNION NATIONAL LIFE INSURANCE COMPANY
AND JODY WALLS                                                                      DEFENDANTS

MEMORANDUM OPINION

  This action was initially filed in state court against Union National Life Insurance Company and its agent Jody Walls. It was removed to this court by Union National Life Insurance Company. Union National has moved to dismiss Walls from the action (Doc. 4). The defendant alleges that Walls, a resident of the State of Mississippi, was improperly joined in this action for the purpose of defeating diversity jurisdiction in this court. The defendant acknowledges its burden to prove that there is no possibility that the plaintiff will be able to establish a cause of action against their agent. The plaintiff has opposed the motion and has further filed to amend the complaint to clarify allegations against the agent (Doc. 8).

  Union National Life correctly notes Mississippi's general rule that a disclosed agent such as Walls acting for a known principal such as Union National incurs no liability for any breach of duty on the part of the principal. *Schoonover v. West American Ins. Co.,* 665 F. Supp 511 (S.D. MS 1987). Such an individual can only be liable if they have direct personal participation in the commission of a tort. The plaintiff asserts that Walls had precisely that type of personal participation and has requested leave to amend to clarify the allegations against Walls in her motion to amend.

  Though the plaintiff has not filed a motion to remand, the decision reached on these motions determines whether or not complete diversity of citizenship exists, and thus whether or not this court

has jurisdiction to hear this case. Improper joinder is established by either showing 1) that there is actual fraud in the pleading of jurisdictional facts or 2) the plaintiff is unable to establish a cause of action against the resident defendant. *Smallwood v Illinois Cent. Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). The defendant's challenge is to the ability to establish a cause of action. In this case, as in most cases, if the plaintiff is able to survive a 12(b)(6) motion, the court' inquiry is ended, and the case must be remanded to state court.

The original complaint is not a model of specificity. Even under the liberal standards of Rule 12(b)(6) it is a close call on whether the original complaint actually states a claim against Walls. However, it appears that if allowed to amend to correct the defects in the original pleading that the plaintiff can state a claim. The proposed amended complaint, with its explicit accusation that Jody Walls converted Hinton's premium payment and caused a loan to be taken against the cash value of her policy with the corporate defendant has clearly stated a long recognized cause of action under Mississippi law. Boiled down to its essence the plaintiff's amended complaint against Walls is, "He stole my money." This clearly states a cause of action against Walls. This proposed amendment, supported by affidavits, makes explicit the accusation that was at least implicit in the original complaint. The court is unwilling to rule that the original complaint fails to state a claim so as to justify dismissal.

Alternatively, Rule 15(a) provides that leave is to be freely granted "when justice so requires." *Id.* In considering whether to grant the motion to amend the court may consider whether there is any bad faith or lack of diligence in seeking the amendment, or prejudice to the opposing party. In this case the removal and motion to dismiss were filed on March 1, 2007. The plaintiff's motion to amend was filed five days later. There is no lack of diligence is seeking the amendment.

2

Additionally, given Walls' alleged role as the primary culprit in this action, it does not appear that he was joined originally nor that the amendment to the complaint is sought as a means to defeat diversity. The ends of justice require the granting of the amendment.

There is no challenge to the plaintiff's jurisdictional allegations. It is admitted that Walls, like the plaintiff, is a resident citizen of the State of Mississippi. Therefore, it is apparent that there is not complete diversity of citizenship to support this court's jurisdiction under 28 U.S.C. § 1332. This court lacks subject matter jurisdiction over this action and finds *sua sponte* that this action should be remanded to the state court. 28 *U.S.C. § 1447(c).*

The court finds that the defendant's motion to dismiss should be denied. The plaintiff's motion to amend should be granted. Upon the filing of the amended complaint, this action should be remanded to the state court. A separate order shall be entered.

This the 12th day of July, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE